# Steve Zissou & Associates
**Attorneys at Law**
42-40 Bell Boulevard, Suite 302
Bayside, New York 11361

Office    (718) 279-4500
Facsimile (800) 761-0635

Email: stevezissou@stevezissouesq.com

September 4, 2015

**By ECF**[1]

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Howard E. Leventhal*
       Case No. 13-CR-695 (BMC)

Dear Judge Cogan:

For the reasons set forth below, I write to request that the status conference currently scheduled for September 10, 2015, be rescheduled to September 16 or 17, 2015. Because this letter contains detailed information regarding health and medical issues, an attachment is being filed under seal.

## Backround

At a status conference held on February 26, 2015, the government requested permission to retain the services of a medical expert to examine Mr. Leventhal. Notwithstanding the fact that the defendant was consistently ready willing and able to under such an examination, it took the government six months examine Mr. Leventhal and to prepare a written report. After examining the report counsel made a request for various forms or relief.  These sundry requests have not been ruled upon by the Court.  In opposition to these requests, the government submitted a letter that, among other things, alleged that a letter purporting to be from Mr. Leventhal's primary care physician, Dr. Charles Colodny, was "fabricated."  It is this allegation, and only this issue, that I address today.

---

[1] Partially redacted and partially under seal

## A Conflict Has Arisen

If true, the submission of a fabricated document to the Court would necessarily impair counsel's ability to provide Mr. Leventhal with effective assistance of counsel since it would appear to trigger the "advocate/witness" rule.  Thus, the threshold issue that is presented is whether or not such a conflict is waivable.  Assuming Mr. Leventhal willingness to do so.

Concerned that counsel for the defendant might have unwittingly aided the submission of a fabricated document to the Court, we reached out to Dr. Kolody's office.  We were advised that Dr. Colodny was on vacation for the past week and would not return until on or about September 14, 2015.  Thus, Dr. Colodny is not available to confer with counsel or otherwise able to be effectively served with a witness subpoena.  Since Dr. Colodny is an essential witness to any ancillary proceeding.   It follows that counsel's ability to comply with the Court's order to respond to the government's allegations on or before September 9, 2015, is likewise severely impaired, even if the absence of an ethical conflict.

In speaking to Dr. Colodny's office we also learned that an original copy of his March 2014 letter, addressed to USPO Michelle Espinoza, was sent to our offices by facsimile on September 3, 2015.  A copy of this lettter was sent to the attorney for the government and is attached hereto.  The letter is written on Dr. Colodny's letterhead and is signed by "Charles S. Colodny, MD." Although Dr. Colodny's office is closed today for the Labor Day weekend, the service was able to confirm that a facsimile was sent *from* Dr. Colodny's office and that the facsimile came from the computer files maintained for a patient by the name of "Howard Leventhal." The letter, purportedly from Dr. Colodny, includes the same information that was previously submitted to the Court.

It appears to counsel that the options here are limited.  If the letter is indeed a fabrication, a non-waivable conflict may have arisen.  This would be unfortunate inasmuch as counsel has spent a great deal of time successfully developing a strong attorney/client relationship with Mr. Leventhal.  Moreover, given the complexity of this case and the particular characteristics of the client, having to begin again with a new lawyer is hardly an appropriate solution.  At best, until such time as the conflict is resolved, counsel is operating under the weight of an unresolved conflict.  At worst, counsel will not be able to continue.  None of these options are the least bit attractive.

If the letter is not a *"complete fabrication,"* as the attorney for the government has alleged, then it would appear that the Court should consider imposing sanction on the government in the absence of an appropriate explanation as to how the FBI conducted the investigation described in the governments letter.

     In any event, since we are unable to complete our own investigation within the time frame ordered by the Court, we respectfully request that the status conference be rescheduled to September 16 or September 17, 2015.[2]



     Accordingly, I respectfully request that the status conference be rescheduled so that counsel can conduct an independent investigation and be effectively heard on the merits.

     Thank you very much for your consideration in this matter.

                                             Respectfully submitted,

                                             Steve Zissou

cc: Winston Paes, AUSA, by ECF

---

[2] The attorney for the government has advised me that he objects to this request *and* that he is not available on the proposed dates. However, counsel for the defendant is scheduled to commence a trial before the Honorable Sterling Johnson on September 21, 2015. The trial is expected to last 3-4 weeks.