

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

WMP
F. #2013R01251

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 8, 2015

**By ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Howard Leventhal
                <u>Criminal Docket No. 13-695 (BMC)</u>

Dear Judge Cogan:

         The government writes in response to the defendant's letter, dated September 7, 2015 (docket entry no. 66), requesting again that the hearing scheduled for September 10, 2015 be adjourned to either September 16 or 17, 2015.

         First, the government was not trying to "rationalize" its attempts to seek an arrest warrant for the defendant in its letter dated September 4, 2015, but merely restating the facts which defense counsel had conveniently ignored in its prior letter suggestion that the government be sanctioned.  In an effort to distract from the defendant's continued crimes while awaiting sentencing, defense counsel focuses almost exclusively on the bizarre issues surrounding the Colodny Letter and completely ignores the clearly-set forth fraud on the "Florida Investor." Notably, defense counsel's attacks on the government have no merit when the facts are considered.  Dr. Colodny is the defendant's primary care physician, and not the government's witness, and as the government noted, the information it provided in its September 3, 2015 letter was based on information provided directly to the FBI by Dr. Colodny over the telephone and by email.  In an email to an FBI agent, after having reviewed the Colodny Letter submitted by defense counsel on September 3, 2015, Dr. Colodny states, "I have reviewed this letter.  It has my name on it but no signature.  I do not recall writing this letter nor is there a copy in the patient's chart.  I sign all correspondence I send."

         Second, defense counsel has also conveniently failed to provide any explanation for how defense counsel came into possession of a draft and unsigned version of the Colodny Letter when the submitted draft version of the letter was not found in Dr. Colodny's files, not recognized by Dr. Colodny himself, and not the version submitted to the Probation Department.

Hon. Brian M. Cogan
September 8, 2015
Page 2

        Third, defense counsel misstates the facts surrounding the need for a medical expert.  In his letter, defense counsel writes, "At a status conference held on February 26, 2015, the government requested an adjournment to retain the services of a medical expert to examine Mr. Leventhal.  This belated request came almost a full year after the medical issues were well documented in the presentence report that was made available to the parties in March of 2014."  As the Court and defense counsel are well aware, the government's request to retain the services of a medical expert were not because the government ever deemed this necessary, but because the defendant raised this issue for the first time on December 30, 2014, one week before the scheduled sentencing and a year after he pleaded guilty.  (Docket entry no. 43).  The government wanted the Court to reject this request outright and it was only because the Court did not grant the government's request, in part because defense counsel raised constitutional issues, that the government found it necessary to retain a medical expert.  To turn this around and make this appear like the government came up with a request for a medical expert on its own evinces a disregard for the facts.  Additionally, the Probation Department does not provide the government with backup documentation for information it receives from the defendant and thus the government did not see the Colodny Letter until it was submitted by the defendant on September 3, 2015.  Moreover, as previously noted, the government was not provided this letter by defense counsel despite a direct request by the government, by email dated February 26, 2015, requesting, "all the reports submitted to Probation and to Phillip Wise."  In light of the foregoing, it is unbecoming of defense counsel to attack the government and refer to its investigation as an "extraordinary investigative failure."

        Fourth, with respect to the allegations about the defendant's fraudulent schemes involving Go2Nurse ("G2N") and MyWings Foundation, Inc. ("MyWings"), defense counsel submits that "it is my understanding that MyWings foundation and Go2Nurse are legitimate business endeavors."  In support of this "understanding," defense counsel states that the defendant had provided "the probation department with detailed information regarding MyWings more than 18 months ago."  Clearly, none of the fraudulent information was provided by the defendant to Probation.  Additionally, the defendant also failed to notify the Probation Department that he was soliciting investments and funding while claiming that he was "Edward Ben-Alec."

        Importantly, the defense counsel believes, incorrectly, that he is entitled to conduct "an investigation" into this bond revocation issue.  The defendant has pled guilty to federal crimes that carry a mandatory minimum two-year sentence.  Indeed, after a defendant is found guilty, the presumption is detention.  Section 3143(a) provides that "a judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or community."  18 U.S.C. § 3143(a).  If anything, the defendant is entitled to a hearing where the government can present the facts and the defense counsel can cross-examine the government's witness(es).  If the defendant is charged with this new fraud, defense counsel can conduct all the investigation he needs at that time.

Hon. Brian M. Cogan
September 8, 2015
Page 3


    Finally, the opinions in the bankruptcy action speak to themselves of the defendant's conduct while he has been released on bond.  As to the defendant's travel, again, the record is clear and defense counsel's ignorance of the conditions and the defendant's failure to comply with the clearly stated conditions are not acceptable excuses.

    Accordingly, the government respectfully requests that the Court deny the defendant's request to adjourn the hearing.

              Respectfully submitted,

              KELLY T. CURRIE
              Acting United States Attorney
              Eastern District of New York

        By:     /s/
              Winston M. Paes
              Assistant U.S. Attorney
              (718) 254-6023

Cc:  Clerk of the Court (BMC) (By ECF)
    Steve Zissou, Esq. (By ECF)